UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHY BEIKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:21-cv-2434 |
| | ) |
| WAYNE TOWNSHIP, INDIANA, | ) |
| MIKE LANG, in his individual and | ) |
| official capacity, and STUART SHARP, | ) |
| in his individual and official capacity, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Kathy Beikes ("Beikes"), by counsel, brings this action against Wayne Township, Indiana ("Wayne Township"); Mike Lang, in his individual and official capacity as Chief of the Wayne Township Fire Department ("Lang"); and Stuart Sharp, in his individual and official capacity as Assistant Chief of the Wayne Township Fire Department ("Sharp"), (collectively "Defendants"), for violation of her rights as protected by the Equal Pay Act and the Due Process Clause of the 14th Amendment to the United States Constitution.

**PARTIES**

2. At all relevant times, Beikes has resided within the Southern District of Indiana.

3. Defendant Wayne Township is a political subdivision located within the Southern District of Indiana.

4. Defendant Lang has at all relevant times been the Fire Chief for the Wayne Township Fire Department. Lang is sued in his individual and official capacities.

5. Defendant Sharp has at all relevant times been the Assistant Chief for the Wayne Township Fire Department. Sharp is sued in his individual and official capacities.

6. Defendant Lang and/or Defendant Sharp are, or at all relevant times have been, the final decisionmakers for personnel issues within the Wayne Township Fire Department.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. Venue is proper in this Court because Beikes's cause of action arose in Marion County, Indiana, which is located within the Southern District of Indiana, Indianapolis Division.

## FACTUAL ALLEGATIONS

9. Beikes is female.

10. Defendant Wayne Township hired Beikes in or around January 2000 or 2001 as a volunteer Emergency Management Technician.

11. Beikes was subsequently hired as a full-time paid paramedic. At all relevant times, Beikes position with Wayne Township was EMS Duty Officer or full-time paramedic.

12. At all relevant times, Beikes's work performance met or exceeded Defendants' reasonable expectations.

13. In or around 2019, Beikes was promoted to EMS Duty Officer.

14. As a result of this promotion, Beikes earned an extra $1.15 per hour.

15. Per Defendants' policies, procedures, and collective bargaining agreement, Beikes underwent a process modeled on the merit promotion process for Firefighters, including submitting a letter of interest, testing, interview, and oral presentation, to obtain the EMS Duty Officer position.

16. Defendants employed two other EMS Duty Officers, one for each shift.

17. At all times relevant to this lawsuit, Defendants employed one male and one other female EMS Duty Officer, in addition to Beikes.

18. At some point, Beikes learned that the male EMS Duty Officer, who was promoted to that position after Beikes and the other female EMS Duty Officer, was paid $1.38 per hour for serving in that role, which was more than Beikes and her female counterpart earned.

19. Beikes's male counterpart performed the same duties as Beikes and her female counterpart.

20. When Beikes discovered that there were potential pay discrimination issues, she made inquiries to Defendants' management and the union about the pay

differences between Beikes and her female counterpart, on the one hand, and their male counterpart, on the other.

21. After obtaining confirmation that her male counterpart was in fact being paid more than Beikes and her female counterpart, Beikes made a complaint to Sharp about the pay discrimination. Her most recent complaint was made on or around July 27, 2021.

22. Beikes's complaint about pay discrimination constituted protected conduct under the Equal Pay Act.

23. On or around August 10, 2021, Sharp informed Beikes that she was being demoted from her EMS Duty Officer position.

24. Upon information and belief, Lang participated in the decision to demote Beikes.

25. Pursuant to Defendants' collective bargaining agreement, all civilian employees not in a probationary period, including Beikes, are "considered 'for cause employees'" and "[a]ny discipline for Civilian EMS Personnel will follow procedures and policies in the Department Rules and Regulations, except that a civilian EMS employee may not appeal a discipline _determination of the EMS Discipline Review Board_ to the Merit Commission. A policy will be developed by Labor/Management for the EMS Discipline Board." (*See* Exhibit 1) (emphasis in original).

26. This portion of the collective bargaining agreement gave Beikes a property interest in her position as an EMS Duty Officer, which could not be taken from her without notice and a hearing before the EMS Discipline Review Board.

27. At the time that Beikes was demoted from her EMS Duty Officer Position, Defendants had not appointed an EMS Discipline Review Board.

## CAUSES OF ACTION

### COUNT I – PAY DISCRIMINATION – EQUAL PAY ACT

28. Beikes incorporates by reference paragraphs 1-27 of her Complaint.

29. Defendant Wayne Township paid Beikes less than her similarly situated male counterpart for performing similar work.

30. Beikes suffered injury as a result of Defendant Wayne Township's unlawful conduct.

31. Defendant Wayne Township's actions have been intentional, willful, and in reckless disregard of Beikes's rights as protected by the Equal Pay Act.

### COUNT II – RETALIATION – EQUAL PAY ACT

32. Beikes incorporates by reference paragraphs 1-31 of her Complaint.

33. Beikes complained about discrimination in pay.

34. Beikes's complaints constituted protected activity under the Equal Pay Act.

35. Defendant Wayne Township took adverse employment action against Beikes because of her protected activity.

36. Beikes has suffered injury as a result of Wayne Township's unlawful conduct.

37. Defendant Wayne Township's actions have been intentional, willful, and in reckless disregard of Beikes's rights as protected by the Equal Pay Act.

## COUNT III – DUE PROCESS VIOLATION – 42 U.S.C. § 1983

38. Beikes incorporates by reference paragraphs 1-37 of her Complaint.

39. Beikes had a property interest in her position as an EMS Duty Officer.

40. Beikes was demoted from her EMS Duty Officer position without notice and a hearing, in violation of her rights under the Due Process clause of the 14th Amendment.

41. Defendants have violated Beikes's rights as protected by the 14th Amendment.

42. Beikes has suffered injury as a result of Defendants' unlawful conduct.

43. Defendants' actions have been intentional, willful, and in reckless disregard of Beikes's rights as protected by the 14th Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kathy Beikes, by counsel, respectfully asks that the Court find in her favor and order that:

1. Defendants reinstate Beikes to her previous position with the same pay, benefits, and seniority, or pay Beikes front pay in lieu of reinstatement;

2. Defendants pay back pay and benefits to Beikes;

3. Defendants pay compensatory and liquidated damages to Beikes;

4. Defendants Lang and Sharp pay punitive damages to Beikes;

5. Defendants pay pre- and post-judgment interest to Beikes;

6. Defendants pay Beikes's reasonable attorney fees incurred in this matter; and

7. Defendants provide all other legal and equitable relief that the Court deems reasonable.

    Respectfully submitted,

    *s/ John H. Haskin*
    John H. Haskin, Atty. No. 7576-49

    *s/ Samuel M. Adams*
    Samuel M. Adams, Atty. No. 28437-49
    JOHN H. HASKIN & ASSOCIATES
    255 North Alabama Street, 2nd Floor
    Indianapolis, Indiana  46204
    Telephone:   (317)955-9500
    Facsimile:    (317)955-2570
    Email:         jhaskin@jhaskinlaw.com
                    sadams@jhaskinlaw.com
    Attorneys for Plaintiff
    Kathy Beikes

## DEMAND FOR JURY TRIAL

Plaintiff, Kathy Beikes, by counsel, demands a trial by jury on all issues so triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Atty. No. 7576-49

*s/ Samuel M. Adams*
Samuel M. Adams, Atty. No. 28437-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:    (317)955-2570
Email:        jhaskin@jhaskinlaw.com
              sadams@jhaskinlaw.com
Attorneys for Plaintiff
Kathy Beikes